IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | |
|---|---|
| MARCELL DEON DEAN, PRO SE, § <br> TDCJ-CID # 841252 § <br>  § <br> Plaintiff, § <br>  § <br> v. § <br>  § <br> JOE GRIMES, Warden, § <br> JAMES BEACH, Major, § <br> DAVID ROBERTS, Captain, § <br> STEVEN WAUSON, Sargent, § <br> AMY BENNETT, Sargent, § <br> MARTHA MAES, Sargent, § <br> ROLANDO RAYES, C. Officer, and § <br> JEFFREY BROWN, C. Officer, § <br>  § <br> Defendants. § | 2:06-CV-0216 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff MARCELL DEON DEAN, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff states that, after he reported he was possibly the victim of a sexual assault[1], he was taken to a hospital and given a sexual assault exam on May 6, 2006. Plaintiff complains that, upon his return to the unit that day, defendant Captain ROBERTS did not house plaintiff in

---

[1] Plaintiff states he is subject to unexplained black-outs during which he is unaware of what is happening around him.

11 Building transient pursuant to instructions from the Office of the Investigator General but, instead, in a temporary or make-shift transient area in High Security. Plaintiff says this was not safe because he and his possible attacker both had gang affiliations and there could have been retaliation. Plaintiff further complains defendant ROBERTS did not adequately resolve a problem plaintiff had later with defendants BROWN and RAYES. Plaintiff claims defendant BROWN and defendant RAYES announced to the rest of the inmates on the pod, in vulgar terms, that plaintiff had been the victim of a sexual assault and then made fun of plaintiff with further vulgar remarks.

Plaintiff claims on May 6, 2006, defendant WAUSON performed plaintiff's life endangerment investigation interview, stemming from the remarks by BROWN and RAYES, cellside, instead of honoring plaintiff's requests for privacy; and defendant BENNETT also refused plaintiff's requests for privacy, saying there wasn't enough time, and observed the investigation cellside.

Plaintiff claims on May 24, 2006, a cell search was conducted by defendant MAES and various items of his property were confiscated as contraband. Plaintiff alleges MAES wrote him a disciplinary case for possession of contraband and that he was later found guilty, but lost no goodtime.

Plaintiff claims defendant Warden GRIMES didn't respond to plaintiff's letter complaining of the property confiscation by MAES and denied plaintiff's step 1 grievance on the matter.

Plaintiff claims defendant BEACH headed the Unit Classification Committee meeting which took place on or about May 26, 2006 and in which plaintiff's life endangerment claim was

evaluated and his request for transfer to another unit was refused.

Plaintiff claims his rights under the Eighth and Fourteenth Amendments were violated by placing him in an unsafe situation and by the negligent investigation and refusal of his life endangerment claim. Plaintiff also contends the confiscation of his property was the result of a conspiracy in retaliation for his filing of grievances against the defendants.

Plaintiff requests an award of compensatory damages in the sum of $75, 000.00; nominal damages in the sum of $50,000.00; and punitive damages in the sum of $75,000.00, with a hold on defendants' assets pending collection of any award.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Initially, the Court notes that plaintiff cannot maintain a separate cause of action against the defendants based upon the Fourteenth Amendment[4] due process clause because that claim is subsumed by his Eighth Amendment claim of cruel and unusual punishment. *Murphy v. Dowd*, 975 F.2d 435, 436 (8th Cir. 1992), *cert. denied*, 507 U.S. 930, 113 S.Ct. 1310, 122 L.Ed.2d 698 (1993); *Clemmons v. Bohannon*, 918 F.2d 858, 869 (10th Cir. 1990), *vacated on other grounds*, 956 F.2d 1523 (10th Cir. 1992) (*en banc*).

Liability for an Eighth Amendment deprivation requires the same delinquency in denial of protection against harm from other inmates as it does for denial of medical care, *Johnston v. Lucas*, 786 F.2d at 1259; thus, there must be an allegation of facts which will support deliberate indifference on the part of officials, *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The plaintiff prisoner must prove: (1) he is incarcerated under conditions "posing a substantial risk of serious harm," and (2) that the defendant prison official's state of mind is one of "deliberate indifference" to the prisoner's health or safety. *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause of commendation, cannot under our cases be condemned as infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811, 823 (1994).

---

[4] The same holds true for plaintiff's due process rights guarantees by the Fifth Amendment.

Plaintiff offers only his own opinion to support his claim that being housed in temporary transient in the High Security section was not safe or that the cellside LID investigation placed him in danger. Although plaintiff filed a November 9, 2006 "Motion for Preliminary Injunction for an Temporary Restraining Order," the only danger plaintiff points to is harassment by the defendants and their failure to transfer him to another unit where he could learn about and practice Judaism. Plaintiff attaches a letter which appears to be from a fellow gangmember assuring plaintiff that he and his "Homies got [plaintiff's] back" and asking if plaintiff filed rape charges on the other inmate because he had filed extortion charges on plaintiff.

Plaintiff does not allege any actual danger or harm resulted from being housed in the make-shift transient housing in High Security or as a result of the cellside investigation of his life endangerment claim. Further, plaintiff does not allege he suffered any injury stemming from the unprofessional behavior he attributes to defendants BROWN and RAYES. Plaintiff also alleges no harm of any sort flowing from the UCC decision to deny his request for transfer. Plaintiff has failed to allege facts to show he was endangered by any of the challenged acts or decisions discussed above. Plaintiff has thus failed to support an Eighth Amendment claim of deliberate indifference and has failed to state a claim on which relief can be granted.

Moreover, plaintiff's allegation of physical and emotional pain or "pain to body and mind" appears to be an allegation of emotional distress. The Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages. 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Relying on its Eighth Amendment jurisprudence, the Fifth Circuit has determined that the "physical injury"

required by section 1997e(e) "must be more than de minimus [sic], but need not be significant." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). By claiming a right to monetary relief for mental or emotional injury without alleging physical injury of any sort, plaintiff has asserted a claim on which relief cannot be granted.

Plaintiff claims "Sgt. MAES is believed to had [sic] conspired with several named ranking officials to punish the plaintiff" for filing grievances against the defendants. It is well settled that "'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy." *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990). Moreover, to state a claim of retaliation, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Causation requires the plaintiff show that but for the retaliatory motive, the adverse act would not have occurred. *McDonald*, 132 F.3d at 231. Finally, the retaliatory adverse act must be more than inconsequential or *de minimis*, that is, it must be capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006). Plaintiff has utterly failed to allege facts to support his claims of conspiracy and retaliatory intent and has, therefore, failed to state a claim on which relief can be granted.

Lastly, plaintiff claims defendant GRIMES didn't respond to his letter complaining of the property confiscation by MAES and denied plaintiff's step 1 grievance on the matter. There is

no constitutional right to a response to a letter of complaint. Further, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claims against defendant GRIMES lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff MARCELL DEON DEAN is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S.

District Court for the Eastern District of Texas, Tyler Division.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this 31st day of January, 2007.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE
